IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| NEARSHORE CALL CENTER SERVICES, | * * * | |
| Plaintiff, | * * | |
| vs. | * * | Case No. AMD 08 CV 439 |
| EDISON RESPONSE, LLC d/b/a BLUEHIPPO | * * * | |
| Defendant. | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTION TO REQUEST REINSTATEMENT OF BRIEFING SCHEDULE ON MOTION TO QUASH WRIT OF EXECUTION**

Plaintiff/Judgment Creditor, Nearshore Call Center Services ("Nearshore"), by and through its attorneys, James W. Bartlett, III, Alexander M. Giles, and Semmes, Bowen & Semmes, hereby files this Motion to Request Reinstatement of Briefing Schedule on Motion to Quash Writ of Execution, and states as follows:

1. This Court entered a Final Judgment dated February 23, 2009.

2. After Defendant/Judgment Debtor Edison Response ("Edison") refused to pay the judgment, Nearshore requested and this Court issued a Writ of Execution on March 10, 2009. An Amended Writ of Execution was issued on March 23, 2009.

3. Although Edison alleged in a letter to Nearshore that the property listed in the writ was not owned by it, Edison never produced any documentation proving that the property was owned by a third party and did not file a Motion to Quash the Writ. Edison had more than three weeks between the time the initial writ was issued and the time the U.S.

Marshal appeared on its premises on April 3, 2009 to file such a Motion in an attempt to protect its own rights and/or the rights of several related companies which conduct business from the same office suite with the same equipment.

4.  Following the U.S. Marshal's service of the Writ of Execution, Edison and/or its related companies obtained an emergency hearing on the day of the seizure to determine whether Nearshore was entitled to seizure of the property levied.  The Court ordered Nearshore and the U.S. Marshal to leave Edison's premises without the property levied pending a hearing later that day regarding ownership of the property.  At that hearing, the Court provided Edison and/or its related entities an opportunity to file a Motion to Quash the Writ of Execution by April 8, 2009.

5.  In advance of that deadline, Edison finally agreed to settle this matter amicably with Nearshore on April 8, 2009.  Edison filed a Joint Motion for Extension of Time to file the Motion to Quash on that day.

6.  A written settlement agreement was prepared, and was subsequently signed by Edison on May 8, 2009.

7.  Edison made the first payment to Nearshore on a timely basis.  However, it failed to meet the deadline for the second and final payment.  In a written amendment to the Settlement Agreement, Nearshore agreed to extend the deadline for the second payment and to make it payable in two installments.  Edison made the second payment, but has failed and refused to make the third and final payment.  That payment is now more than one month overdue.

8. Despite repeated efforts to discuss the matter with Edison (and its counsel before counsel withdrew), Edison has failed and refused to communicate with Nearshore or its attorneys regarding why the final payment is not forthcoming.

9. Nearshore has no alternative but to request this Court's involvement in this matter in moving forward on the pending Writ of Execution to collect sums due on the Final Judgment (minus the $75,000 that has been paid to date by Edison).

10. Accordingly, Nearshore requests the Court to reinstate the briefing schedule on the Motion to Quash the Writ of Execution, which was pending and due on the day the settlement was reached, and require Edison and/or its related companies to file their Motion to Quash the Writ of Execution within two business days or otherwise forfeit any objection to the Writ and subject itself to immediate sale and/or disposal of the property listed on the United States Marshal Service's Seized Property and Evidence Register attached hereto as Exhibit A.

11. In addition, Nearshore requests the reimbursement from Edison of attorneys' fees and U.S. Marshal fees incurred by Nearshore in any subsequent visit by the U.S. Marshal to seize the property listed on Exhibit A.

WHEREFORE, Nearshore Call Center Services respectfully requests the Court to enter an Order requiring Edison and/or its related entities to file their Motion to Quash the Writ within two days or otherwise forfeit any objection to the Writ and subject itself to immediate sale and/or disposal of the property listed on the United States Marshal Service's Seized Property and Evidence Register attached hereto as Exhibit A, and whatever other relief this Court deems just and proper.

/s/
James W. Bartlett, III, Esquire
Alexander M. Giles, Esquire
Semmes Bowen & Semmes
Suite 1400
25 S. Charles Street
Baltimore, Maryland 21201
(410) 539-5040

Attorneys for Plaintiff/Judgment Creditor,
Nearshore Call Center Services


**OF COUNSEL:**
Vincent O'Brien, Esquire (admitted *pro hac vice*)
Julie Rannik Houston, Esquire
DeOrchis, Hillenbrand, Wiener & O'Brien, LLP

8751 West Broward Boulevard, Suite 203
Fort Lauderdale, Florida 33324
Tel: (954) 652-0100
Fax: (954) 652-0103


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of July, 2009, a copy of the foregoing Motion to Request Reinstatement of Briefing Schedule on Motion to Quash Writ was served via electronic filing on all counsel of record.

/s/
Attorney for Nearshore