**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
CHIEF MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

November 12, 2009

RE: *Nearshore Call Center Servs. v. Edison Response, LLC*
      AMD-08-0439

**LETTER ORDER**

Dear Counsel:

    On October 23, 2009, Plaintiff/Judgment Creditor Nearshore Call Center Services ("Nearshore") filed a Motion to Compel and for Sanctions, pursuant to FED. R. CIV. P. 37. Paper No. 67. Defendant/Judgment Debtor Edison Response, LLC, d/b/a BlueHippo Funding, LLC ("Edison"), has failed to file any opposition thereto, and the deadline for filing such a motion was November 9, 2009. *See* Local Rule 105.2.a. For the reasons stated herein, Nearshore's Motion to Compel and for Sanctions is GRANTED IN PART and DENIED IN PART. This Order disposes of Paper No. 67.

    On February 23, 2009, this Court entered a Default Judgment against Edison in the amount of $167,648.53, plus interest and costs, followed by a Writ of Execution on March 10, 2009, and an Amended Writ of Execution on March 23, 2009. Paper Nos. 44, 47, 50. On April 7, 2009, Nearshore served Interrogatories, Requests for Production of Documents, and Requests for Admissions in Aid of Execution on Edison. Pl.'s Mot. ¶ 4 & Ex. 1, 2, & 3, Paper Nos. 67-2 – 67-4. Notwithstanding a discovery deadline of May 10, 2009, and an e-mail from Nearshore on October 16, 2009, requesting discovery responses, Edison has not responded to any of Nearshore's discovery requests. Pl.'s Mot. ¶¶ 5, 10-12, & Ex. 5, Paper No. 67-6.

    This Order incorporates the unrebutted factual representations made in Nearshore's Motion. Based on those representations, there is sufficient cause for this Court to compel discovery. Edison shall respond fully and completely to Nearshore's Interrogatories and Requests for Production of Documents within five (5) business days of the date of this Order.

    In addition, sanctions are appropriate because of Edison's failure to respond to Nearshore's discovery requests or to oppose Nearshore's Motion. Nearshore shall submit a detailed statement of its costs and attorney's fees within five (5) business days of the date of this Order. Once Nearshore files its statement, Edison will have five (5) business days to file a response, and Nearshore then will have five (5) business days from Edison's response to file a reply.

      Nearshore also asked that the Requests for Admission it served on Edison be deemed admitted.  Fed. R. Civ. P. 36(a)(3) states that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  Nearshore served the Requests for Admission on Edison considerably more than thirty days ago.  Edison has not served a written answer or objection on Nearshore, and the time for doing so has passed.  *See id.*  Therefore, under Rule 36(a)(3), the Requests for Admission are deemed admitted, without need for action by this Court.

      Finally, Nearshore claimed in its Motion that Edison concealed "equipment" that a Deputy U.S. Marshal previously had levied upon, thereby preventing Nearshore from taking the equipment.  Pl.'s Mot. ¶¶ 8.  Nearshore requested that the Court order Edison to produce that equipment.  *Id.* at 5. Such relief is DENIED as inappropriate for an order compelling discovery.  The production of items allegedly concealed from a U.S. Marshal in connection with a writ of execution is not a discovery request, and Nearshore has provided this Court with no authority under which it could grant such relief.

      Although informal, this is an Order of the Court and shall be docketed as such.

                                        _____ /S/_____
                                        Paul W. Grimm
                              United States Magistrate Judge

lmy